**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**UNITED STATES OF AMERICA**                                           **PLAINTIFF**

**vs.**                                                          **CIVIL NO.**  3:23cv335-SA-JMV

**MONIES CREDITED TO FIRST CHOICE**
**BANK ACCOUNTS 3718860, 160976, AND 9072248**
**UP TO THE AMOUNT OF $280,000.00**                               **DEFENDANT**

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Comes now the United States of America, Plaintiff in the above styled cause, by and

through its undersigned United States Attorney for the Northern District of Mississippi, and

brings this Verified Complaint for Forfeiture In Rem and alleges as follows in accordance with

Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### Nature of the Action

1.   This is an action to forfeit and condemn property to the United States pursuant to 18

U.S.C. §981 for violations of 18 U.S.C. § 1343 (wire fraud) and/or 18 U.S.C. § 1957 (money

laundering).

### The Defendant in Rem

2.   The defendant property is specifically identified as follows:

   **All monies credited to First Choice Bank Individual Account 3718860, Small**
   **Business Checking Account 160976, and Individual Savings Account 9072248**
   **up to the amount of $280,000.00**

3.   The defendant property has not been seized and is currently in the possession of First

Choice Bank of Pontotoc, Mississippi.  The United States will request that a Warrant of Arrest

in rem issue to allow the United States to seize and retain possession of the defendant property.

**Jurisdiction and Venue**

4. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a). This Court also has jurisdiction over this particular action under 18 U.S.C. §981.

5. This Court has in rem jurisdiction over the defendant property under 28 U.S.C. 1355(b)(1)(A).

6. Venue is proper in this district because the defendant property is located within this district and/or because the acts or omissions giving rise to the forfeiture occurred in this district.

**Basis for Forfeiture**

7. The defendant property is subject to forfeiture pursuant to pursuant to 18 U.S.C. §981 because it constitutes personal property that represents or is traceable to the gross receipts obtained, directly or indirectly, from violations of 18 U.S.C. § 1343 (wire fraud). Additionally, the property constitutes property involved in a transaction or attempted transaction in violation of 18 U.S.C. §§ 1956 and 1957 (money laundering).

**Facts**

8. Trina Sykes opened First Choice Bank individual checking account 3718860 and First Choice Bank individual savings account 9072248 on or about May 26, 2022. Until on or about July 28, 2023, the accounts did not have any activity of significant monetary value. The individual checking account appears to be utilized by Sykes for monthly payroll deposits ranging from $1,000 to $1,400 for work as a school bus monitor for the Tupelo Public School District.

9. On or about May 24, 2023, Sykes opened First Choice Bank small business checking account 160976 for a business named Circle of Fun, LLC. A Certificate of Formation for Circle

of Fun, LLC  was filed with the Mississippi Secretary of State's Office on or about March 21, 2023, that identifies the nature of the business as being "Convention and Trade Show Organizers".

10. Beginning on or about July 28, 2023 and continuing until at least August 11, 2023, individual checking account 3718860 received incoming wire transfers totaling $280,000.00. The same account was used to transfer funds out totaling $242,772.00.  On July 28, 2023, 3718860 received an incoming wire of $70,000 (with a memo line of "final loan payment") and on the same day Sykes initiated a wire transfer out for $60,000.  An additional outgoing wire transfer occurred on August 1, 2023, in the amount of $7,772.00.

11. On August 3, 2023, 3718860 received an incoming wire transfer in the amount of $90,000.00 (with a  memo line of "Reimbursement").  On August 4, 2023, Sykes initiated an outgoing transfer from 3718860 in the amount of $80,000.00.

12. On August 10, 2023, 3718860 received an incoming wire transfer in the amount of $120,000 (with a memo line of "Investment").  On August 11, 2023, Sykes initiated an outgoing wire transfer from 3718860 in the amount of $95,000.00.

13. Between July 31, 2023 and August 7, 2023, Sykes made a series of transfers totaling $25,987.00 among the three accounts identified in this complaint.  The series of transfers began on or about July 31, 2023 with transfers out of individual account 3718860 to both the individual savings and small business checking accounts with the majority of the funds being transferred back to individual account 3718860.

14. All of the incoming wire transfers to 3718860 came from the same source in Texas. Additionally, all of the outgoing wire transfers from Sykes out of 3718860 were to the same

recipient, a cryptocurrency exchange and custodian that allows customers to buy, sell, and store digital assets.

15. The United States alleges that monies contained within the accounts identified herein up the amount of $280,000.00 are subject to seizure and forfeiture to the United States as the proceeds of wire fraud violations and/or property involved in money laundering offenses. The wire transfers do not appear to the proceeds of any legitimate business. All of the funds were wired to and from an individual checking account as opposed to the small business checking account. Further, the wire transfers represent a significant amount of money over a short period of time. The amount and timing of the transfers, along with the end recipient of the transfers, do not suggest that the funds were the result of or involved in legitimate business transactions.

16. The United States alleges that the provisions of 18 U.S.C. § 984 are applicable to this proceeding making all monies deposited in the account, up to the amount of $280,000.00, subject to forfeiture to the United States.

17. Based on the foregoing, Plaintiff alleges that the Defendant property identified herein is subject to forfeiture pursuant to 18 U.S.C. § 981.

18. That pursuant to the provisions of 18 U.S.C. § 981(f), all right, title and interest in the defendant property vested in the United States of America upon commission of the act giving rise to forfeiture.

WHEREFORE, Premises considered, Plaintiff prays as follows:

(1) That a Warrant of Arrest in rem issue to allow the United States to seize and/or retain possession of the defendant property;

(2) That notice issue according to the normal procedure of this Court and in accordance with 18 U.S.C § 983(a)(4)(A);

(3)  That judgment of forfeiture be decreed against the defendant property;

(4)  That upon judgment of forfeiture, the United States be permitted to dispose of the defendant property in accordance with law;

(5)  For costs and for such other further relief to which Plaintiff may be justly entitled

Respectfully submitted,

CLAY JOYNER
United States Attorney

By:    /s/  SAMUEL D. WRIGHT
SAMUEL D. WRIGHT
Assistant United States Attorney
Mississippi Bar No. 101425
900 Jefferson Avenue
Oxford, Mississippi 38655-3608
Telephone: (662) 234-3351
Fax: (662) 234-3318
Samuel.Wright@usdoj.gov

**VERIFICATION**

I, Samuel D. Wright, hereby verify and declare under penalty of perjury that I am an Assistant United States Attorney, and that I have read the foregoing *Verified Complaint For Forfeiture In Rem* and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by law enforcement officers, as well as my investigation of this case, together with others, as an Assistant United States Attorney.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated: August 28, 2023

/s/  SAMUEL D. WRIGHT
Assistant United States Attorney